PER CURIAM.
|,Writ granted. The district court erred in denying the State’s motion to introduce the victims’ statements at trial pursuant to La.Code Evid. art. 804(B)(7), forfeiture by wrongdoing. The State established by a preponderance of the evidence that the victims (the defendant’s girlfriend and their daughter) recanted their testimony and ultimately became uncooperative with *650 the prosecution of the case after the defendant repeatedly violated the protective order forbidding the defendant from contact with the victims. The lower courts both found the victims were unavailable as witnesses within the meaning of La.Code Evid. art. 804(A). Thus, to introduce the victims’ out of court statements, the State was required to show that the defendant engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarants as witnesses. La.Code Evid. art. 804(B)(7); Giles v. California, 554 U.S. 353, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008).
Contrary to the court of appeal’s reasoning, there is no requirement in the codal article that the defendant must engage in violence or employ threats of physical violence to cause fear in the victim in order to procure the witness’s unavailability. The link between the defendant’s actions and the victim’s unavailability may be established when “a defendant puts forward to a witness the 12idea to- avoid- testifying, either by threats, coercion, persuasion, or pressure.... ” Commonwealth v. Edwards, 444 Mass. 526, 541, 830 N.E.2d 158 (2005). Here, the defendant, in violation of the protective order, repeatedly suggested and encouraged the victims to recant their statements to the police and to avoid testifying against him at trial, thereby applying pressure on the witnesses through persistent contact. Because the witnesses’ unavailability is a logical outgrowth of the defendant’s actions in this domestic violence case, the forfeiture by wrongdoing doctrine is properly applied. For these reasons, the trial court’s ruling is reversed, and the matter is remanded to, that court for further proceedings.
KNOLL, J., would deny the writ.