Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,269-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DARNELL L. CALDWELL                         Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 386,768

Honorable John M. Robinson (*Ad Hoc*), Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Edward K. Bauman

DARNELL L. CALDWELL                      Pro Se

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

BRITNEY A. GREEN
RON C. STAMPS
ERIC M. WHITEHEAD
Assistant District Attorneys

* * * * *

Before COX, THOMPSON, and ELLENDER, JJ.

**ELLENDER, J.**

Charged with domestic abuse battery with a dangerous weapon and two counts of violating the domestic abuse child endangerment law, Darnell Caldwell ("Caldwell") was found guilty as charged following a bench trial. He was subsequently sentenced to 13 years for domestic abuse battery with a dangerous weapon, and 18 months on each count of domestic abuse child endangerment. The two 18-month sentences were to run concurrently with one another, but consecutively with the 13-year sentence. Caldwell now appeals those convictions and sentences.

On appeal, the court is asked to consider: sufficiency of the evidence; excessiveness of sentences, especially because they are consecutive; admissibility of victim's prior statements; admissibility of Caldwell's other bad acts; rulings on post-trial motions; and double jeopardy. For the following reasons, we affirm.

## FACTS

At the time of these offenses, Caldwell had been romantically involved with Kelsie Smith ("Smith") for approximately five years, and they had three children together. After an argument on December 15, 2021, Caldwell followed Smith out to her car and threw an aerosol can at her head at close range through her previously broken driver's seat car window. The can struck Smith in the face and fractured her nasal bone, left eye socket, and left maxillary sinus. Two of their three children were in the back seat of the car.

Caldwell was arrested, and a protective order was issued the next day prohibiting him from having any contact with Smith. Several bills of information were filed, with Caldwell ultimately being charged with one

count of domestic abuse battery with a dangerous weapon and two counts of domestic abuse child endangerment. A sanity commission was ordered at the defense's request, with Caldwell being found competent to stand trial.

Despite the protective order, Caldwell consistently contacted Smith while incarcerated pending trial, through video visitation and jail phone calls made directly and through third parties. The recordings of the calls reveal Caldwell badgered Smith on several occasions to drop the charges against him, regularly demeaned her, and even threatened her. Unsurprisingly, Smith began refusing to cooperate with the state's efforts to prosecute Caldwell.

In anticipation of Smith's refusal to cooperate at trial, the state filed a motion to allow prior statements by a victim, where the victim is absent or unavailable due to the defendant's wrongdoing, pursuant to La. C.E. art. 804(B)(7)(a) and (b). The state argued Caldwell's repeated violations of the protective order and attempts at coercion would likely result in Smith's refusal to cooperate with the prosecution of Caldwell's cases, rendering her "unavailable" for trial, making her prior statements admissible. In support of its motion, the state called its investigator, Larry Cunningham ("Investigator Cunningham"), who testified Caldwell attempted to contact Smith from the jail via telephone or video call at least 329 times while prohibited from doing so by the protective order. Investigator Cunningham testified Caldwell actually made contact with Smith at least 74 times and repeatedly threatened Smith and directed her to drop the charges against him.

Caldwell objected to the admission of Smith's statements and argued they constituted hearsay. Caldwell argued even if an exception applied

2

allowing the statements to be admitted, they were more prejudicial than probative. The trial court deferred ruling on the motion at that time and stated it would issue a ruling when and if Smith was unavailable or unwilling to cooperate with the state at trial.

The state also filed a notice of intent to use evidence of similar crimes, wrongs, or acts related to domestic abuse, pursuant to La. C.E. art. 412.4, specifically an incident that occurred on September 3, 2021, during which it was reported to police that Caldwell struck Smith several times in the face with a closed fist while she was approximately six months pregnant.

Retired Judge John Robinson ("Judge Robinson") was appointed to serve as judge ad hoc, and the case proceeded to a bench trial as scheduled on April 17, 2024. The state called Smith as its first witness, and to no one's surprise, she refused to cooperate, answering each question with, "I don't remember" or "I don't know." The state asked the trial court to rule on its La. C.E. art. 804(B) motion.

Caldwell objected, re-urging his prior arguments and contending the admission of Smith's prior statements, without giving him the opportunity to cross-examine her, violated his Sixth Amendment rights. The state argued Caldwell forfeited his right to object to the admission of Smith's prior statements when he violated the protective order and coerced her into not cooperating. The trial court granted the state's motion, finding the state's request proper considering Caldwell's own actions resulted in Smith's refusal to cooperate, and it noted Caldwell's objection to its ruling.

The state next called Robin Smith ("Robin"), the victim's mother, who testified that on December 15, 2021, Smith and two of her children went to pick up her third child from Caldwell. Shortly thereafter, Robin's

3

doorbell rang, and she found her daughter hysterical in the driveway; her daughter's left eye was swollen shut, and she had blood on her face. The victim told her mother Caldwell threw an aerosol can at her head through the car window and struck her in the face. Robin called the police and took Smith to the emergency room, where she was diagnosed with a broken nose and a fractured left eye socket. At trial, Robin stated her daughter's nose still did not appear to have healed properly, and she identified a photograph of the aerosol can Caldwell used to harm Smith, which she remembered being heavy and obviously full.

Robin also testified regarding the September 3, 2021, domestic dispute between her daughter and Caldwell: when her daughter was approximately six months pregnant, Smith told her mother Caldwell attacked her, causing a gash in the top of her daughter's head which required three staples, as well as swelling to the side of her face. Robin identified photographs taken following the September 2021 domestic battery of her daughter by Caldwell. No objection was made to Robin's testimony about this incident, or the photographs taken of the injuries.

Yvonne Blumhoefer ("Blumhoefer") testified she was a physician's assistant employed by Willis-Knighton Health System who treated Smith immediately following the December 2021 incident. Blumhoefer verified Smith was diagnosed with a broken nose and a broken left eye socket, and she testified Smith reported she had given birth less than a month prior. When asked if Smith disclosed the cause of her injuries, Blumhoefer replied Smith told the triage nurse: "I was hit in the eye with a can of disinfectant spray." Blumhoefer confirmed the injuries Smith received required medical intervention and could cause ongoing issues for a patient, with follow-up

4

treatment being something she considered necessary for Smith. Smith's medical records from the December 2021 incident were admitted without objection.

Shreveport Police Department ("SPD") Officer Clyde Williams ("Ofc. Williams") testified that when he arrived on scene on December 15, 2021, Smith was crying hysterically, and her face was bleeding and appeared swollen. Smith reported she and Caldwell were in a romantic relationship and had three children together, she had gone to Caldwell's apartment to pick up one of her children, when she got there, they argued, and Smith decided to leave. She walked to her car, got into the driver's seat, and had started backing up when Caldwell flung the aerosol can at her, hitting her in the face. Two of her children were in the back seat of the vehicle at the time of the incident. Smith stated she was afraid of Caldwell.

Ofc. Williams spoke to Caldwell, who stated he had done nothing to Smith. Ofc. Williams identified photographs he took of the injuries to Smith's face, as well as a photograph of the aerosol can, which were admitted into evidence without objection.

SPD Sergeant Jennie Brooks ("Sgt. Brooks") testified about her investigation into Smith's injuries, stating she was asked by the District Attorney's Office to obtain a warrant for Smith's medical records. In the course of her investigation, Sgt. Brooks discovered the prior incident between Smith and Caldwell from September 2021. When she interviewed Smith, she told Sgt. Brooks she did not want to pursue charges against Caldwell.

The state's final witness was SPD Corporal Stephen Gibson ("Cpl. Gibson"), who testified he was dispatched to the home shared by Smith and

Caldwell in September 2021 following an altercation between the two. When he arrived, Smith was on a stretcher being treated by the Shreveport Fire Department ("SFD"), but she was able to report Caldwell struck her several times in the face with a closed fist, causing multiple lacerations and bruises on her face, and an especially large knot on the top of her head. Smith's sister told Cpl. Gibson she saw Caldwell strike Smith in the presence of three children.

The defense elected to rest without presenting evidence, and the trial court found Caldwell guilty as charged on all three counts. Prior to sentencing, counsel for Caldwell moved for a new trial and post-verdict judgment of acquittal; both were denied. Caldwell also filed a statement on sentencing, as well as several certificates of completion as evidence of his active participation in rehabilitative services while pending trial.

At sentencing, considering the provisions of La. C. Cr. P. art. 894.1(A), the trial court found it highly likely Caldwell would reoffend based on the evidence presented and his history, it found Caldwell to be in need of treatment most effectively provided in a correctional environment, and a lesser sentence would deprecate the seriousness of the offense.

The trial court specifically found Caldwell's conduct manifested deliberate cruelty to Smith, he used threats and actual violence in the commission of the offense; post-arrest conduct, specifically his use of threats and intimidation to influence the outcome of the proceedings, the use of a dangerous weapon to commit the offense, and Caldwell's persistent involvement in similar offenses not already considered as part of his criminal history were significant. The trial court stated while it believed Caldwell felt remorse at sentencing, his actions after his arrest were likely a

better indicator of his future behavior. The trial court found it unlikely Caldwell would respond positively to probationary treatment, and while his incarceration might pose a hardship to his dependents, such was the case in every situation where a defendant was sentenced to prison. The trial court did note Caldwell's completion of several self-help programs during his pretrial incarceration, and encouraged Caldwell to continue his efforts toward rehabilitation.

The trial court then sentenced Caldwell to 13 years at hard labor on the charge of domestic abuse battery with a dangerous weapon, and 18 months on each count of domestic abuse battery child endangerment. The two 18-month sentences were to run concurrently with each other and consecutively with the 13-year sentence. The trial court designated Caldwell's conviction as a crime of violence pursuant to La. C. Cr. P. art. 890.3.

Caldwell filed a motion for reconsideration of sentence, which the trial court denied. This appeal followed.

## DISCUSSION

Caldwell and his appellate counsel each submitted a brief to this court. In the counseled brief, Caldwell argues the 13-year sentence for domestic abuse battery with a dangerous weapon was unconstitutionally excessive and unsupported by evidence sufficient to justify such a substantial sentence. Caldwell argues the trial court further erred in running the concurrent 18-month sentences for domestic abuse child endangerment consecutively with the 13-year sentence. Caldwell contends the sentences on all three counts should have been run concurrently, and he argues the trial court failed to offer sufficient justification for imposing concurrent sentences when all

7

three crimes stemmed from a single act. Caldwell argues because the trial court erred in imposing a 13-year sentence consecutively, then it also erred in denying his motion to reconsider sentence. Caldwell asks this court to remand the matter for resentencing.

In his pro se brief, Caldwell argues the trial court erred in denying his motions for new trial and for post-verdict judgment of acquittal because insufficient evidence was presented at trial to support his convictions. He also argues the trial court erred in allowing evidence to be presented of his other bad acts, and deprived him of his Sixth Amendment right to confront witnesses against him when it erroneously allowed the state to introduce Smith's prior statements as evidence against him. Caldwell also contends the trial court somehow violated the prohibition against double jeopardy.

The state responds that Caldwell's 13-year sentence for domestic abuse battery with a dangerous weapon was in no way excessive considering the egregious nature of the offense. The state contends Caldwell's arguments are unsupported by the record and asks this court to affirm Caldwell's convictions and sentences.

### Sufficiency of the Evidence

In his pro se brief, Caldwell contends the evidence presented at trial was insufficient to support his convictions. When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. *State v. Hearold*, 603 So. 2d 731 (La. 1992). If the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal and the reviewing court must then consider the assignments of trial error. *Id*. The relevant question

8

is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Ramsey*, 55,491 (La. App. 2 Cir. 2/28/24), 381 So. 3d 308, *writ denied*, 24-00379 (La. 10/1/24), 393 So. 3d 865.

Domestic abuse battery is the intentional use of force or violence committed by one household member or family member upon the person of another household member or family member. La. R.S. 14:35.3(A). A household member includes any person presently or formerly living in the same residence with the offender and who is involved or has been involved in a sexual or intimate relationship with the offender. La. R.S. 14:35.3(B)(5). If the intentional use of force or violence is committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury, the offender, in addition to other penalties imposed, shall be imprisoned at hard labor for not more than 15 years. La. R.S. 14:35.3(P). A dangerous weapon includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm. La. R.S. 14:2(A)(3).

When the state proves, in addition to the elements of the crime as set forth in La. R.S. 14:35.3(A), that a minor child 13 years of age or younger was present at the residence or any other scene at the time of the commission of the offense, the offender may be convicted of a separate offense under the Domestic Abuse Child Endangerment Law. La. R.S. 14:35.3(I).

Testimony from Smith, her mother, Blumhoefer, Ofc. Williams, and Sgt. Brooks established Caldwell threw an aerosol can at Smith at close

9

range, in the presence of two of their three children, striking her in the face and fracturing several facial bones. Photographs taken of Smith following the incident and the medical records generated following Smith's treatment established the aerosol can met the criteria to be considered a dangerous weapon based on the manner in which it was used, and those photographs also established the severity of Smith's injuries. Based on the evidence presented, any rational trier of fact could have found the essential elements of both domestic abuse battery with a dangerous weapon and domestic abuse child endangerment beyond a reasonable doubt, and for these reasons, we find this assignment of error to be without merit.

### Counseled Assignments of Error

### Excessive Sentence, Consecutive Sentences, and Motion to Reconsider Sentence

Caldwell argues the 13-year sentence imposed by the trial court for domestic abuse battery with a dangerous weapon is excessive, and the trial court compounded that error in imposing the two 18-month sentences for his violations of the domestic abuse child endangerment law consecutively to the 13-year sentence, and then by denying the motion to reconsider. Caldwell claims the law requires sentences for convictions stemming from the same event or occurrence to be run concurrently unless the trial court explicitly states its reasons for running them consecutively. Caldwell further argues even if there were no such requirement, the record in his case does not support consecutive sentences.

Appellate review of sentences for excessiveness is a two-pronged inquiry. *State v. Benavides*, 54,265 (La. App. 2 Cir. 3/9/22), 336 So. 3d 114. First, the record must show that the court complied with La. C. Cr. P. art.

894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. *State v. Benavides*, *supra*. No sentencing factor is accorded greater weight by statute than any other factor. *Id.*

The second prong is unconstitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. *State v. Benavides*, *supra*. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. *Id.* The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *Id.* The issue is not whether some other sentence might have been more appropriate, but whether the district court abused its discretion. *Id.*

As to the first prong, the district court fully complied with La. C. Cr. P. art. 894.1. Further, our review of the record reveals no abuse of the district court's sentencing discretion and no violation of La. Const. art. 1, § 20. The 13-year sentence is below the maximum sentence allowed, and it certainly does not shock the sense of justice when considering the facts of this case and Caldwell's history of physical abuse. Caldwell flung a full, heavy aerosol can at Smith's head at close range and broke several bones in her face. He did this in front of two of his children, who were in close proximity to their mother in the back seat of the car she was driving. It was also not the first extreme head injury Smith sustained due to a beating from

Caldwell. As the record contains adequate support for the 13-year sentence imposed, we find this assignment of error lacks merit.

We now turn to the trial court's imposition of consecutive sentences. When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. It is within the court's discretion to make sentences consecutive rather than concurrent. *State v. Kuykendall*, 56,000 (La. App. 2 Cir. 11/20/24), 402 So. 3d 566; *State v. Dunams*, 55,443 (La. App. 2 Cir. 1/10/24), 379 So. 3d 251, *writ denied*, 24-00205 (La. 9/17/24), 392 So. 3d 6325; *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031; *State v. Robinson*, 49,677 (La. App. 2 Cir. 4/15/15), 163 So. 3d 829, *writ denied*, 15-0924 (La. 4/15/16), 191 So. 3d 1034. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. *State v. Kuykendall, supra*; *State v. Dunams*, *supra*; *State v. Hebert*, 50,163 (La. App. 2 Cir. 11/18/15), 181 So. 3d 795.

When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain. *State v. Kuykendall, supra*; *State v. Dunams*, *supra*; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. The failure to articulate specific reasons for

imposing consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *State v. Dale*, *supra*; *State v. Harris*, 52,663 (La. App. 2 Cir. 8/14/19), 277 So. 3d 912.

The trial court's decision to impose the two 18-month sentences concurrently to one another and consecutively to Caldwell's 13-year sentence is supported by the record, which proved Caldwell's physical abuse of the mother of his children was deliberate and extremely harmful to both Smith and their children. The trial court's decision is further supported by its determination that Caldwell presents a serious risk of danger to the victim, given the extreme injuries sustained by Smith. We find the trial court's imposition of consecutive sentences is thoroughly supported by the record, and, as such, we find this assignment of error lacks merit.

Because we find no error on the part of the trial court in its imposition of sentences, we also find no abuse of discretion in denying Caldwell's motion to reconsider sentence, which failed to contain any information previously unknown to the trial court at sentencing. Consequently, we find Caldwell's final counseled assignment of error also lacks merit.

### *Pro Se Assignments of Error*

### *Evidence Admitted Under La. C.E. art. 804(B)(7)(a) and (b) and Alleged Confrontation Clause Violations*

Caldwell urges this court to reverse the trial court's ruling admitting Smith's prior statements as evidence against him pursuant to La. C.E. art. 804(B)(7)(a) and (b). Caldwell contends these prior statements were inadmissible as hearsay, and he argues admitting them violated his rights under the Confrontation Clause.

Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(C). A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness is not excluded by the hearsay rule if the declarant is unavailable as a witness. La. C.E. art. 804(B)(7)(a). The party seeking to introduce statements under the forfeiture by wrongdoing hearsay exception shall establish, by a preponderance of the evidence, that the party against whom the statement is offered, engaged or acquiesced in the wrongdoing. La. C.E. art. 804(B)(7)(b). The link between the defendant's actions and the victim's unavailability may be established when a defendant puts forward to a witness the idea to avoid testifying, either by threats, coercion, persuasion, or pressure. *State v. Aguilar*, 15-1230 (La. 9/18/15), 181 So. 3d 649.

We can find no abuse of discretion in the trial court's ruling allowing Smith's prior statements to be admitted into evidence. Caldwell's actions obviously resulted in Smith's unavailability; he attempted to contact her at least 329 times, making contact at least 74 times, in an effort to coerce her into refusing to cooperate with the state. La. C.E. art. 804(B)(7)(a) allows a trial court to admit a victim's prior statements in such circumstances. We also find no violation of Caldwell's rights under the Sixth Amendment as a result of the trial court's ruling. As the state pointed out, Caldwell forfeited the right to question Smith when he intentionally prevented her from cooperating with the state. Both of these assignments lack merit.

### Other Crimes Evidence Admitted Pursuant to La. C.E. art. 412.4

Caldwell contends the trial court erred in allowing the state to present evidence of his other crimes or wrongdoing pursuant to La. C.E. art. 412.4,

14

but the record indicates no objection was made to the testimony given or the photographs admitted into evidence pertaining to the September 2021 incident.  As such, this issue was not properly preserved for appeal.

Moreover, the argument is legally erroneous.  When an accused is charged with a crime involving abusive behavior against a family member, household member, or dating partner, evidence of the accused's commission of another crime, wrong, or act involving assaultive behavior against a family member, household member, or dating partner, may be admissible and may be considered for its bearing on any matter to which it is relevant, subject to the balancing test provided in La. C.E. art. 403.  La. C.E. art. 412.4(A).  In a case in which the state intends to offer evidence under La. C.E. art. 412.4, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.  La. C.E. art. 412.4(B).

In compliance with La. C.E. art. 412.4(B), the state filed a notice of its intent to offer evidence of Caldwell's prior bad acts, specifically evidence of the domestic abuse incident from September 2021.  Caldwell argues the trial court should have refused to allow this evidence because the September 2021 incident did not result in a conviction, but La. C.E. art. 412.4 contains no such requirement.  We find this assignment of error lacks merit.

### *Motions for New Trial and Post-Verdict Judgment of Acquittal*

Caldwell argues the trial court erred in denying his motion for new trial and his motion for post-verdict judgment of acquittal, and he points to his other assignments of error as support for these claims, as well as Smith's testimony denying she was harmed by him and his unsupported and self-serving claims of prosecutorial misconduct.  We have already determined

15

the trial court's finding of guilt based on evidence properly admitted was supported by the record; hence the trial court's denial of Caldwell's motion for new trial and post-verdict judgment of acquittal are supported by the evidence presented. As such, we find these assignments of error to be lacking in merit.

### *Double Jeopardy*

Caldwell argues his protections against double jeopardy were violated when the state prosecuted him in the underlying case. As a general rule, the Double Jeopardy Clause protects against a second prosecution for the same offense after conviction as well as against a second prosecution for the same offense after acquittal. *Langley v. Prince*, 926 F.3d 145 (5th Cir. 2019). Where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two different offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State v. Frank*, 16-1160 (La. 10/18/17), 234 So. 3d 27.

The record in the case before us is devoid of any evidence of double jeopardy as each of the offenses underlying Caldwell's convictions requires the proof of at least one additional fact which is not required by the other. We find this assignment has no merit.

### *Errors Patent*

Though neither party raised it as an issue, there is an error patent regarding the trial court's imposition of an illegally lenient sentence. Caldwell's conviction for domestic abuse battery required the court to impose a mandatory fine of not less than $300, and not more than $1,000,

pursuant to La. R.S. 14:35.3(C). The trial court was also required to impose at least 48 hours of Caldwell's sentence without the benefit of parole, probation, or suspension of sentence. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This court, however, is not required to take such action. *State v. Dock*, 49,784 (La. App. 2 Cir. 6/3/15), 167 So. 3d 1097; *State v. Young*, 46,575 (La. App. 2 Cir. 9/21/11), 73 So. 3d 473, *writ denied*, 11-2304 (La. 3/9/12), 84 So. 3d 550. Since this court is not required to take action, the state has not objected to the error, and the defendant is not prejudiced in any way by the failure to impose the mandatory fine or minimum sentence, we decline to remand for the imposition of either. *Id.*; *State v. Holmes*, 48,535 (La. App. 2 Cir. 1/15/14), 130 So. 3d 999.

## CONCLUSION

For the reasons set out above, Darnell Caldwell's convictions and sentences are affirmed.

**AFFIRMED.**

17